Reese, J.
delivered the opinion of' the court.
This is an indictment under the act of 1803, ch. 91, for the malicious disfigurement of a horse. The- indictment contains four counts. Of the second count, charging a disfigurement of the horse by cutting, off his tail, the defendant was acquitted by the verdict* *40 Of the other three counts upon which a conviction has taken place, we are of opinion that the first and third are not good, because not alledging the act in question to have been done maliciously, (see The State vs. Wilcox, 3 Yer. 378.) The fourth count charges, that the defendant and one William Depew did unlawfully, maliciously and of purpose, disfigure a gelding, the horse beast of Benjamin Birdwell, of the value of one hundred dollars, by then and there, &c. cutting off the tail of said horse beast, and by then and there cutting off the mane of said horse beast, áre. Por the defendant it is urged, that the act charged does not fall within the meaning and mischief of the statute of 1803, ch. 9. We take it that the act in question falls within both. Mutilation by dismemberment, is prohibited, in cutting off the ear, tail or tongue, putting out an eye or otherwise, and wounding and killing are prohibited by the statute. The words “to disfigure” seem to operate to describe such an act as that charged; and are unnecessary and unmeaning in the statute if not applied. If all the hair belonging to the mane and tail of a horse be shaved off, it may be that we would not speak of him as having been dismembered, but all the world would say that he was much disfigured. It is the very term which would be used, and maliciously to impair the use and value of a horse, by injuring his appearance and marring his beauty in removing of those parts alike ornamental and useful, falls entirely within the mischief which the act seeks to prevent. We are of opinion, therefore, that the reasons in arrest of judgment were properly overruled.
The bill of exceptions shows that one of the witnesses for the State, at whose house the act charged in the indictment took place, testified that after the defendant and Depew were arrested, he said to them that if they would acknowledge that they did it in a frolic and from no disrespect to his family, he would forgive them and use his endeavours to get Birdwell to drop the prosecution. Depew then said “we have done it out of a frolic, and Boyd, the defendant, “that it was not done out of any harm, or with any view to disgrace witness’s family.”
This testimony, which was obj ected to, ought clearly to have been rejected. But the court did not reject it, but left it to the Jury to say whether under all the circumstances the confession had been improperly obtained, telling the Jury that if they believed that the confession was induced by a promise that it should be better for the *41 defendant, they ought to reject it. It was the duty and province of the court in this case to have excluded the evidence of confession. The proof was direct and manifest that the confession was obtained by a promise that witness should attempt to put an end to the prosecution. In this we think there was error, and for this we reverse the judgment and award a new trial.